```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
THOMAS RIMINI,                                                         :
                                                                       :
                              Plaintiff,                               :
                                                                       :      22 Civ. 7768 (JPC)
              -v-                                                      :
                                                                       :           ORDER
J.P. MORGAN CHASE & CO. et al.,                                        :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      On September 9, 2022, Plaintiff Thomas Rimini filed the Complaint initiating this action, which is the latest foray in his long-running feud with Defendant J.P. Morgan Chase & Co. Dkt. 1. Defendants subsequently submitted a pre-motion letter proposing a briefing schedule for their motion to dismiss the Complaint, Dkt. 10, which the Court granted, Dkt. 13. After Defendants filed a timely motion to dismiss, Dkt. 18, Rimini moved to strike it on the grounds that a notice of appeal had been filed in this case, Dkt. 20. Because at that point no notice of appeal had been filed, the Court denied that motion to strike. Dkt. 21. Subsequently, Rimini filed two notices of appeal, one of which challenged the Court's order setting a briefing schedule for Defendants' motion to dismiss, Dkt. 24, and the other of which challenged the Court's order denying Rimini's first motion to strike, Dkt. 25.

      Now before the Court are Rimini's second motion to strike Defendant's motion to dismiss, Dkt. 22, his request for reconsideration of the Court's denial of his first motion to strike, Dkt. 23, and his motion for an extension of time to respond to Defendants' motion, Dkt. 28, each of which Defendants have opposed, Dkt. 32. Each of Rimini's filings argues that this Court has been divested of jurisdiction over this case by the filing of his notices of appeal. *See, e.g.*, Dkt. 22 at 1

("[T]here is no jurisdiction before this District Court because the jurisdiction on issues Defendants discussed and raised in their documents 18 and 19 are already before the Second Circuit Court of Appeals."). Rimini is correct that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Nonetheless, "the judicial divestiture rule does not apply where an appeal is frivolous. Nor does it apply to untimely or otherwise defective appeals." *In re Chevron Corp.*, 749 F. Supp. 2d 170, 179 (S.D.N.Y. 2010). In general, "the jurisdiction of federal courts of appeals is limited to appeals from final decisions of the district courts." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). Thus, with certain exceptions not relevant to this case, if a district court has not issued a final judgment from which to appeal, any notice of appeal that may be filed is "a nullity" that "[does] not divest the district court of jurisdiction." *Id.* at 252.

"[A] final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (citation and internal quotation marks omitted). Plainly, neither of the two orders from which Rimini has appealed satisfies this standard. Once the Court set a briefing schedule for Defendants' motion to dismiss and denied Rimini's motion to strike the motion to dismiss, more remained for the Court to do beyond executing the judgment—at the very least, it was necessary for the Court to decide Defendants' motion to dismiss. Thus, no final judgment from which to appeal existed at the time when Rimini filed his notices of appeal. And while a district court has discretion to certify an order for interlocutory appeal, *see* 28 U.S.C. § 1292(b), no such certification was made concerning either order from which Rimini has appealed, *see* Dkts. 13, 21. Consequently, Rimini's notices of appeal did not divest the Court of jurisdiction over this case. *Cf., e.g., Parker v.*

*Haaland*, No. 22 Civ. 8107 (LTS), 2022 WL 16857881, at *1 (S.D.N.Y. Oct. 3, 2022) ("Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective.  Accordingly, this Court retains jurisdiction over this action.").  Rimini's second motion to strike, Dkt. 22, and his request for reconsideration of this Court's order denying his first motion to strike, Dkt. 23, are therefore denied.

Nonetheless, the Court is ordinarily willing to consider discretionary requests for extensions of the deadlines it has imposed.  Although Rimini has not complied with the requirements set forth in Rule 3B of the Court's Individual Rules and Practices in Civil Cases, the Court will excuse that failure on this occasion and will extend Rimini's time to oppose Defendants' motion to dismiss until December 21, 2022.  Defendants' deadline to file any reply in support of their motion is accordingly extended until January 11, 2023.

Defendants' opposition to Rimini's various motions additionally requests that the Court sanction Rimini by ordering him to pay "the attorneys' fees [Defendants] had to needlessly expend in responding to them."  Dkt. 32 at 4.  Defendants do not identify the legal basis upon which they seek sanctions, aside from citing to a court's discretion in imposing sanctions for abuse of the judicial process.  *Id.* (citing *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)).  Because they have failed to comply with the procedural requirements set forth in Rule 11(c)(2) of the Federal Rules of Civil Procedure, however, sanctions pursuant to Rule 11 are unavailable.  Furthermore, while the Court does possess the "inherent power to award attorneys' fees. . . when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Agee v. Paramount Commc'ns., Inc.*, 114 F.3d 395, 398 (2d Cir. 1997) (citation and internal quotation marks omitted),  "[t]he Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion,'" *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting *Chambers v. NASCO, Inc.*, 501 U.S.

32, 44 (1991)). Consequently, the Court will exercise that restraint and discretion by declining to impose sanctions on Rimini, at least at this time.

Finally, Rimini has also filed in this Court a motion to proceed in the Court of Appeals without prepaying fees. As the Court has explained, however, Rimini's appeals in this case are patently frivolous, because no final judgment or other appealable order has been issued. For that reason, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this Order or from any Order previously issued in this case would not be taken in good faith, and therefore denies *in forma pauperis* status for purposes of appeal. For clarity, the Court emphasizes that this certification applies only to appeals taken from orders issued in this case, No. 22 Civ. 7768 (JPC). In *Rimini v. J.P. Morgan Chase & Co.*, No. 21 Civ. 7209 (JPC) (SLC), the Court has already granted Rimini *in forma pauperis* status for the purposes of his appeal from the Court's Opinion and Order dismissing that case.

SO ORDERED.

Dated: November 30, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

4