```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
THOMAS RIMINI,                                                         :
                                                                       :
                            Plaintiff,                                 :
                                                                       :       22 Civ. 7768 (JPC)
            -v-                                                        :
                                                                       :           ORDER
J.P. MORGAN CHASE & CO. et al.,                                        :
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

In this action, Plaintiff Thomas Rimini alleges that Defendants J.P. Morgan Chase & Co., JPMorgan Securities, LLC, JPMorgan Chase Bank, and Bear Stearns, his prior employers, retaliated against him by providing negative references for him after he reported wrongdoing during his employment. *See generally* Dkt. 1. Plaintiff has filed multiple motions seeking various different forms of relief, which are pending before the Court.

First, Plaintiff requests that the Court certify the record in this case to the United States Court of Appeals for the Second Circuit. Dkt. 40. At the time that motion was submitted, an interlocutory appeal from two orders in this case was pending before the Second Circuit. *See* Dkts. 13, 21, 24-25. However, since Plaintiff filed his motion for the certification of the record, the Second Circuit dismissed Plaintiff's appeal, noting in particular Plaintiff's duty, as an "officer of the court, [who] is to be a mindful steward of judicial resources and taxpayer dollars[,] . . . to avoid pursuing frivolous litigation." Dkt. 45. Because that appeal is no longer pending, Plaintiff's motion for the record to be certified, Dkt. 40, is denied as moot.

Next, Plaintiff requests that the undersigned recuse himself from this (or any other) case between these parties. Dkt. 37. However, Plaintiff does not justify his request by identifying any

facts that might prejudice the undersigned against Plaintiff or otherwise create a conflict of interest; instead, he merely cites rulings the Court has made on questions of law that have arisen in the suits Plaintiff has brought. *See id.* As the Supreme Court has explained, however, a court's prior rulings in a case "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). While "[t]hey *may* do so if they reveal and opinion that derives from an extrajudicial source," *id.*, Plaintiff has not identified any extrajudicial source for any opinion issued by the Court, instead merely expressing disagreement with the Court's rulings, Dkt. 37.[1] Similarly, while a court's prior rulings may "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible," *Liteky*, 510 U.S. at 555, Plaintiff cites no evidence of such favoritism or antagonism beyond the fact that the Court has issued unfavorable rulings, *see* Dkt. 37. And mere unfavorable rulings do not demonstrate the sort of antagonism requiring recusal. *Cf. Liteky*, 510 U.S. at 555 (discussing, as an example of antagonism sufficient to require recusal, a judge's alleged statement, in an "espionage case against German-American defendants," that "'[o]ne must have a very judicial mind, indeed, not to be prejudiced against the German Americans' because their 'hearts are reeking with disloyalty'" (brackets omitted)). Plaintiff's motion for recusal, Dkt. 37, is therefore denied.

Plaintiff also asks the Court either to issue a subpoena to the Department of Labor concerning his Sarbanes-Oxley complaints, or, failing that, to stay this case until he has received the documents sought through that subpoena via a request under the Freedom of Information Act, 5 U.S.C. § 552. *See* Dkt. 15. Certainly, should this case proceed to discovery, discovery would be warranted to determine whether Plaintiff can produce evidence to support the allegations in his Complaint. At that stage, Plaintiff may employ the discovery techniques authorized by the Federal

---

[1] Plaintiff's bare assertion that "I recently discovered that there is some overlap between the Court and I," Dkt. 37 at 2, does not suffice to identify an extrajudicial source for the Court's opinions in this case.

2

Rules of Civil Procedure, including the use of subpoenas. *See* Fed. R. Civ. P. 45.  However, in deciding Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6), *see* Dkts. 18-19, the Court must assume the truth of all factual allegations pled in the Complaint.  *See, e.g.*, *Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiff's favor").  And because at this juncture Plaintiff is not required to prove the allegations in the Complaint, any evidence he might uncover through a subpoena is not yet relevant.  His request for a subpoena or for a stay, Dkt. 15, is therefore denied without prejudice.

Next, Plaintiff seeks a statement from counsel for Defendants J.P. Morgan Chase & Co., JPMorgan Securities, LLC, and JPMorgan Chase Bank identifying the attorney representing the remaining Defendant in this action, Bear Stearns, which has not entered an appearance.  Dkt. 34; *see also* Dkt. 8 (notice of appearance for counsel for Defendants other than Bear Stearns).  Plaintiff appears to seek that statement because he wishes to pursue a default judgment against Bear Stearns. *See* Dkt. 34 at 1.  However, in the interests of avoiding inconsistent judgments, the Court generally does not consider default proceedings against non-appearing defendants until it has resolved the liability of those defendants who have appeared.  *See, e.g.*, *City of Almaty v. Sater*, No. 19 Civ. 2645 (AJN), 2021 WL 4340541, at *2 (S.D.N.Y. Sept. 23, 2021) (denying "motion for default judgment [that] might result in inconsistent judicial decrees, where a judgment is entered against the defaulting defendant while the non-defaulting defendants are relieved from liability after trial" (internal quotation marks omitted)).  And because any attempt to identify counsel for Bear Stearns will not be relevant unless and until the Court begins default proceedings, the statement Plaintiff seeks as to the identity of counsel for Bear Stearns is not relevant at this juncture.  Plaintiff's request for such a statement, Dkt. 34, is thus denied without prejudice.

Lastly, Plaintiff requests leave to amend his Complaint to add allegations that Defendants have taken additional adverse actions towards him since the Complaint was initially filed. Dkt. 46. Defendants oppose that request on the grounds that the allegations are false and that, in any event, they "do not amount to legally actionable conduct." Dkt. 47. The Federal Rules of Civil Procedure, however, adopt a liberal policy towards amendment, instructing district courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Furthermore, while Plaintiff's claims may ultimately prove flawed, the Court believes that arguments to that effect would be better considered on a motion to dismiss than on a motion to amend the Complaint. *See, e.g.*, *Ahmad v. Day*, No. 20 Civ. 4507 (JMF) (GWG), 2022 WL 17970160, at *5 (Dec. 28, 2022) ("The futility defense to a motion to amend is not, in short, a substitute for a motion to dismiss or a motion for summary judgment."). And with discovery not having yet commenced, this case "is still in its infancy, [so] there would be minimal prejudice to Defendant[s]" in granting leave to amend. *Morales v. Kimberly-Clark Corp.*, No. 18 Civ. 7401 (NSR), 2020 WL 2766050, at *10 (S.D.N.Y. May 27, 2020) (quotation omitted). Plaintiff is therefore granted leave to file an amended complaint by August 18, 2023.

In sum, Plaintiff's motions for a subpoena or a stay, Dkt. 15, for a statement identifying counsel for Defendant Bear Stearns, Dkt. 34, for the Court to recuse, Dkt. 37, and for the Court to certify the record to the Court of Appeals, Dkt. 40, are denied, and his request for leave to file an amended complaint, Dkt. 46, is granted. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 15, 34, 37, 40, and 46.

SO ORDERED.

Dated: July 28, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge